*113 The opinion of the Court, at a subsequent term, was delivered by
• Mellen C. J.
If the town-way in question was legally laid out and established, the act of the defendant in taking down the fence which had been erected across the road, is justified. The road complained of, is one running in a southeast direction, through the populous part of the town, called Church street, and dividing the lot of land belonging to the academy, in a manner which is considered by the Trustees as unreasonable as it is inconvenient ; and highly prejudicial to the interests of the Institution. The authority to inquire into the expediency, propriety, or wisdom of the location, does not belong to this Court; it is by law vested elsewhere. We can only decide the contested point as to its legality.
The first objection is, that the town of Belfast had no right by law, to accept and approve of the laying out, by their selectmen, of a town-way over the four acres of land, conveyed by McFarland to the Trustees of the Academy. And secondly, if the town had such right, that the laying out of the "way was illegal on the part of the selectmen, and that the same was never accepted by the town.
As to the first point, it is very clear that the land conveyed to the Trustees, must be considered as private property, notwithstanding the purposes for which it wras conveyed and to which it has since been applied: that is, the public have no more control over it, than any other property belonging to other corporations, or to individual citizens. It was conveyed to Trustees, for the more convenient management of the property, when it should be appropriated to its contemplated uses; but it is subject, like all other property of the kind, to certain claims on the part of the public ,• that is, to the right to appropriate private property for public uses, making just compensation therefor, as stated in the 21st section, in our declaration of rights. In virtue of this prin-* ciple, private property is appropriated to public use in the form of highways and town-ways ; and the owners have a right to a just compensation for the property thus appropriated. In the case of County roads, the county commissioners, and in case of town- *114 ways, the selectmen and the town itself, are the agents employed by the public in making the requisite appropriations of private property for public use. We are not able therefore to discover any solidity in the first objection made by the counsel for the plaintiffs. As to the second point. The law requires the selectmen to give reasonable notice to the owners of land, over which they are about to lay out a town-way. What is reasonable notice, depends on circumstances. Seven days notice was given by the selectmen : and at that time a majority of the Trustees resided in the town. Under these circumstances we think the notice was reasonable- and sufficient. The last inquiry is, whether the town legally accepted the way. The town meeting holden on the 3d of October, 1825, was regularly warned and held; and the warrant contained a sufficient article to authorise a vote of acceptance. In acting on this, article, the town voted “to accept Church street, as laid out by the selectmen, and described in article 2d.” The town then voted to “ postpone the further consideration of Church street to the adjournment of this meeting.” The town then voted to adjourn the meeting to the annual meeting, in March or April: then reconsidered that vote, and voted to adjourn the meeting to the seventeenth day of 'the same October ; on which day, on motion to reconsider the vote of acceptance, the town voted not to reconsider it. At the annual meeting in 1826, no proceedings were had in relation to said way. What is the effect of all these votes ? The vote to postpone the further consideration of Church street, did not, of itself, in any manner affect the previous vote of acceptance; and on the 17th, the town adhered to that vote, by voting not to reconsider it. But it is contended, that after the town had passed a vote, adjourning the meeting to the next annual meeting, it was adjourned accordingly, and therefore there was no authority to reconsider that vote: if such was the consequence, then the vote of acceptance, passed previously to the vote of adjournment, stands in full force, and has not been affected in one way or another since the same was passed. The result is, that the town-way was legally laid out, and legally accepted by the town. Accordingly a non-suit must be entered.